No. 89-150

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

COMPHEALTH, INC.,

             Plaintiff and Appellant,

     -vs-

HIGHLAND VIEW OUTPATIENT SURGICAL
CENTER, a Montana corporation,

             Defendant and Respondent.

APPEAL FROM:   District Court of the Second Judicial District,
               In and for the County of Silver Bow,
               The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Larry Jent, Bozeman, Montana

     For Respondent:

          Leonard J. Haxby, Butte, Montana

Submitted on Briefs:  Aug. 10, 1989

Decided:   December 22, 1989

Filed:

_____
                    Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Plaintiff and appellant, Comphealth, Inc., brought this breach of contract action against defendant, Highland View Outpatient Surgical Center. Following a bench trial, the District Court of the Second Judicial District, Silver Bow County, found in favor of the defendant. From this judgment, plaintiff appeals. We affirm.

The following issue is dispositive of the appeal:

Did defendant breach the contract between the parties by giving oral notice of its intent to cancel when the agreement required 30 days written notice of termination?

Defendant, a Montana corporation, is a freestanding outpatient surgical center located in Butte. In late June, 1984, it entered into a contract with plaintiff, a Utah corporation, in which plaintiff agreed to provide a locum tenens (substitute) physician acceptable to defendant at a rate of $2,950 per week for a period from July 30, 1984 to August 27, 1984. The contract included a cancellation clause, which granted defendant the right to terminate the agreement by giving 30 days written notice. The clause provided that failure to give the required notice would result in liquidated damages.

At the time the parties entered into the contract, defendant was in the process of constructing the surgical center building. Defendant anticipated that the center would open on July 30, 1984. Thus, the parties agreed that the contract would commence on that date. However, on July 10, 1984, defendant notified plaintiff that the center's opening would be delayed due to a plumbers' strike in the Butte area. Plaintiff consented to postpone the commencement of the contract. A new contractual period was never agreed upon by the parties.

On the day after it learned of the plumbers' strike, plaintiff mailed to defendant the curricula vitae of two anesthesiologists. One, Dr. Tilby, was available for the anticipated term of the contract. The other, Dr. Plon, was unavailable for the initial contractual period. Plaintiff submitted Dr. Plon's statistics, however, in the event the assignment extended longer than anticipated or in case Dr. Plon would fit defendant's needs better than Dr. Tilby.

The parties dispute whether defendant ever accepted Dr. Tilby. Plaintiff's agent, Sharon Thompson, testified that Dr. St. John, the president of defendant corporation, had indicated that Dr. Tilby would be acceptable and that plaintiff should plan to send him to work when the center was completed. Dr. Tilby also testified that plaintiff had informed him that he was to fill the temporary position.

Dr. St. John, on the other hand, testified that he had never accepted Dr. Tilby because Tilby's file did not satisfactorily explain why his hospital privileges had been temporarily suspended in 1981. The District Court found that defendant had never accepted the physician.

In late July or early August, 1984, Dr. St. John notified plaintiff by telephone that the defendant would no longer need plaintiff's services because it had hired a permanent anesthesiologist. Defendant did not follow up this phone conversation with written notice of cancellation.

On November 28, 1984, plaintiff filed this action, alleging that defendant had breached the contract by failing to give adequate notice of cancellation and failing to pay liquidated damages as provided in the contract. On December 1, 1988, trial was held before the District Court, sitting without a jury. The court heard the testimony of Dr. St. John and accepted the depositions of Ms. Thompson and Dr. Tilby. On December 29, 1988, the District Court issued

findings of fact and conclusions of law. The court found that defendant had not breached the contract but had terminated the agreement in an appropriate and timely fashion. The court further found that plaintiff had not suffered any damages. Plaintiff appealed to this Court.

On appeal, plaintiff raises several issues, including whether the District Court applied the correct law in determining the enforceability of liquidated damages, whether the District Court correctly determined the nature of the contract, and whether defendant had actually accepted the physician offered by plaintiff. We need not answer these questions, however, because our conclusion that the defendant adequately complied with the cancellation provisions in the contract effectively disposes of the appeal.

Plaintiff argues that defendant's method of cancelling the contract was both untimely and procedurally improper and, therefore, triggered the agreement's liquidated damages clause. We do not agree.

Substantial credible evidence supports the District Court's finding that defendant gave adequate, timely notice of cancellation. The District Court found:

> 6. [T]here was a thirty-day cancellation of the contract and based upon the testimony of Dr. Tilby and Dr. St. John, the Plaintiff was advised in late July or the first week in August, that Defendant was no longer in need of the services of the Plaintiff, that since they had not found a suitable physician, that the Defendant had found a physician of its own and had no further need for the services of the Plaintiff. Since the surgery center did not open until September 14, 1984, the notice was given more than thirty days in advance of any need for a physician. Although this notice was not in writing, the overwhelming testimony reveals that no further search was made by the Plaintiff after that date. The contract was in fact cancelled in late July or the first week of August, 1984, in substantial compliance with the agreement.

In addition, we note that, due to the uncertainty created by the plumbers' strike, the intitial contractual period had been postponed and a new commencement date for the performance of the contract had not been agreed upon by the parties. Under the particular facts of this case, where at the time of cancellation a specific performance period had not been agreed upon by the parties and where notice was actually given more than 30 days prior to any possible performance date, defendant gave timely notice of termination of the contract.

Furthermore, even though defendant gave oral rather than written notice of cancellation, the notice was procedurally adequate. Plaintiff does not now contest, nor has it ever contested, that it did not receive oral notice of cancellation. Plaintiff accepted the notice and took no further action in reliance upon the contract. In fact, shortly after defendant's telephone call, plaintiff notified Dr. Tilby that he would not be filling the anesthesiologist position.

The present case can be distinguished from our earlier decision, Tomsheck v. Doran (1953), 126 Mont. 598, 256 P.2d 538, where we stated that exact compliance with contractual terms regarding notice of cancellation is an essential prerequisite to cancellation. Unlike the present case, the plaintiff in Tomsheck did not substantially comply with the terms of the cancellation provision. Although the Tomsheck contract required a one-year notice of cancellation, the plaintiff instituted a suit for rescission of the contract only one day after he delivered the termination notice to defendant. Moreover, in Tomsheck substantial prejudice to the non-cancelling defendant in the form of forfeiture of land would have resulted had we failed to hold plaintiff strictly to the terms of the contract.

In the present case, defendant substantially complied with the terms governing notice of cancellation. Therefore, the District Court did not err in finding that defendant did not breach the contract and in refusing to award liquidated damages.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices